IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2014 JAN 31 A 10: 59

CLERK [signature]
SO. DIST. OF GA.

| | | |
|---|---|---|
| SAMMY LEVI GAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 113-188 |
| | ) | |
| THE STATE OF GEORGIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Augusta State Medical Prison in Grovetown, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I. **SCREENING OF THE COMPLAINT**

   A. **BACKGROUND**

Plaintiff names the following Defendants in his complaint: (1) the State of Georgia; (2) the State of Virginia; (3) the White House staff; (4) Georgia and Virginia public officers; (5) the Obama Administration; (6) F.B.I. staff; (7) G.B.I. staff; (8) Media Corp.; (9) all Georgia and Virginia news agencies; (10) the Vice President of the United States; (11) the Mayor of the City of Atlanta; (12) the Mayor of Washington, D.C.; (13) the United States Armed Forces; (14) Virginia local government officials; (15) Virginia state government officials; (16) Atlanta Medical Center; (17) Grady Memorial Hospital;

(18) Georgia Regional; (19) U.A.B., Birmingham, Alabama; (20) the United States Postal Service; (21) Nathan Deal, Governor of Georgia; (22) Georgia State government officials; (23) President Barak [sic] H. Obama; (24) Georgia prison officials; (25) Georgia local government of Richmond County; and (26) Fulton County 911. (Doc. no. 1, pp. 1, 4.)

As an initial matter, the Court notes that the bulk of Plaintiff's complaint is nonsensical and the few claims that are comprehensible are completely unrelated. (Doc. no. 1, p. 5.) Plaintiff appears to believe that most of his complaints share a common thread, but none is apparent. He first asserts that over the past several years because public officers have violated an unidentified oath, he has been "harassed, made fun of and otherwise mistreated." Second, he was threatened, mistreated, and assaulted while he was undergoing "Level III Military training." Third, in 2009 a Fulton County 911 dispatcher hung up on him twice when he was reporting threats from a "Peter Spinella," an individual whom Plaintiff fails to further identify. Fourth, Grady Memorial Hospital and Atlanta Medical Center have threatened and controlled him. Fifth, Georgia Regional twice administered him heavy medication "and allowed [him] to walk of [sic] where the meds made me lock up." Sixth, the Georgia Department of Corrections Medical Department aided in his mistreatment and neglect. Seventh, Plaintiff has reported most of these incidents to every government agency he can think of, but has either been called a liar, harassed further, or ignored. Eighth, the United States Postal Service and unnamed prison officials have tampered with and/or refused his mail.

In his request for relief, Plaintiff seeks the impeachment "of all named Defendants," impeachment of or discharge of all United States Army Officers involved in Level III Military Affairs, the Geneva Convention as guardian, five-hundred million

2

dollars, a "full pardon and expungement" of his records, a name change, all benefits for the military training he underwent, and a polygraph exam report for his personal records. (Id. at 6.)

## B. DISCUSSION

### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or

3

'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Complaint Fails to State a Claim.

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff's complaint fails to present any viable claim upon which relief might be granted. "Under 42 U.S.C. § 1983, a plaintiff must sufficiently allege (1) that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) that the act or omission was committed by a person acting under color of state law." Cox v. Mills, 465 F. App'x 885, 887 (11th Cir. 2012) (*per curiam*).

First, Plaintiff fails to allege any facts that amount to a claim under § 1983. Plaintiff repeatedly asserts that various Defendants threatened and mistreated him without providing any factual detail. Instead, Plaintiff's complaint is dotted with nebulous and conclusory statements about mistreatment. Such vague and conclusory allegations are

4

insufficient to state a viable claim. See Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (noting that conclusory allegations are not entitled to an assumption of truth in determining whether a complaint states a claim upon which relief may be granted); Fullman v. Graddick, 739 F.2d 553, 556–57 (11th Cir. 1984) ("[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory."). For instance, Plaintiff states that his mail has been tampered with and/or refused by the United States Postal Service and unnamed prison officials, that Atlanta Medical Center and Grady Memorial Hospital threatened and controlled him, and that Georgia Regional twice released him on heavy medication. However, Plaintiff provides no specific dates of Georgia Regional's alleged release of him, nor specific instances of mail tampering, threats or controlling acts, and therefore has not stated a claim under the standards set forth in Ashcroft.

Moreover, because Plaintiff's complaint is a series of unconnected allegations void of any factual detail, Plaintiff's filings amount to the quintessential shotgun pleading that has been soundly condemned by the Eleventh Circuit Court of Appeals. See, e.g., Byrne v. Nezhat, 261 F.3d 1075, 1131 (11th Cir. 2001), *abrogated on other grounds by*, Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146 (11th Cir. 2011), ("[S]hotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice."); Magluta v. Samples, 256 F.3d 1282, 1284-85 (11th Cir. 2001) *(per curiam)* (refusing to address and decide serious constitutional issues on the basis of a "quintessential 'shotgun' pleading of the kind [the Eleventh Circuit] ha[s] condemned repeatedly. . . . It is in no sense the 'short and plain statement of the claim' required by Rule 8 of the Federal Rules of Civil Procedure"); Williams v. Keenan, 5:06-CV-290 (CAR), 2007 WL 1287708, at *2 (M.D. Ga. Apr. 30, 2007) (dismissing case after finding that complaints were factually-

deficient shotgun pleadings because they failed to give the defendants "sufficient notice of the nature and factual bases" of the claims).

The only date Plaintiff does mention in his complaint is related to his claim that "On or around 2009 a Fulton County 911 dispatcher hung up on me twice" when he was reporting threats by a "Peter Spinella." Not only does this fail to meet the pleading standards of <u>Ashcroft</u> for vagueness, but the Court finds that Plaintiff's claims are subject to dismissal under the statute of limitations applicable in Georgia. State law controls the length of the statute of limitations period in § 1983 actions. <u>Lawson v. Glover</u>, 957 F.2d 801, 803 (11th Cir. 1987). In Georgia, such claims must be brought within two years of their accrual. <u>Leal v. Ga. Dep't of Corr.</u>, 254 F.3d 1276, 1279 (11th Cir. 2001); <u>Williams v. City of Atlanta</u>, 794 F.2d 624, 626 (11th Cir. 1986). Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual. See <u>Brown v. Ga. Bd. of Pardons & Paroles</u>, 335 F.3d 1259, 1261 (11th Cir. 2003); <u>Rozar v. Mullis</u>, 85 F.3d 556, 561 (11th Cir. 1996). Under § 1983, a claim accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." <u>Brown</u>, 335 F.3d at 1261 (quoting <u>Rozar</u>, 85 F.3d at 561-62). Here, Plaintiff knew or should have known of the injuries alleged in his complaint, as well as who injured him, when the injuries occurred in 2009. His claim is thus outside of the two-year statute of limitations period. Therefore, this claim is subject to dismissal as time barred, even if it had met the <u>Ashcroft</u> pleading standards.

Moreover, even assuming Plaintiff had alleged sufficient facts to state a claim under § 1983, including that the named Defendants were acting under color of state law, Plaintiff fails to state a claim against most of the Defendants because he does not allege

that they actually participated in any purported constitutional violation, nor are they liable for the acts of the entities against whom Plaintiff directs his allegations. The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")).

Here, even assuming that these Defendants are subject to suit under § 1983, he only mentions (1) the State of Georgia; (2) the State of Virginia; (3) the White House staff; (4) Georgia and Virginia public officers; (5) the Obama Administration; (6) F.B.I. staff; (7) G.B.I. staff; (8) Media Corp.; (9) all Georgia and Virginia news agencies; (10) the Vice President of the United States; (11) the Mayor of the City of Atlanta; (12) the Mayor of Washington, D.C.; (13) Virginia local government officials; (14) Virginia state government officials; (15) U.A.B., Birmingham, Alabama; (16) Nathan Deal, Governor of Georgia; (17) Georgia state government officials; (18) President Barak [sic] H. Obama; and (19) Georgia local government of Richmond County, in the caption of his amended complaint, Plaintiff has failed to allege any association between these Defendants and any purported constitutional violations.

Lastly, as to Plaintiff's claims wherein he requests the impeachment of "all named Defendants" and "Impeachment of or discharge of U.S. Army Officers involved in Level III Military Affairs and/or Level III communications personnel," the Court declines to further entertain such overtly frivolous claims. Under § 1915, the Court has "not only

the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citation and quotation omitted). Complaints "describing fantastic or delusional scenarios" are thus correctly deemed frivolous. Id. at 1349. The Eleventh Circuit has also explained that a complaint is frivolous "when it appears the plaintiff has little or no chance of success." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*) (citations omitted). Thus, the Court properly dismisses those of Plaintiff's claims which patently lack merit or "realistic chances of ultimate success." Carter v. Ingalls, F. Supp. 834, 835 (S.D. Ga. 1983) (citing Jones v. Ault, 67 F.R.D. 124, 129 (S.D. Ga. 1974)).

### C. Plaintiff's Filings

The Court will also take this opportunity to address Plaintiff's filings with this Court. Plaintiff has submitted to this Court a packet of complaints on state forms. Although one of the complaints mentions the current case, the Court is unable to discern any connection between them, and therefore it is not entirely clear that it is Plaintiff's intent to file these documents in federal court. Nor is the Court otherwise inclined to presume that is Plaintiff's intent, based on his filing history.[1] On these state forms, Plaintiff names a plethora of potential defendants, ranging from Augusta to Atlanta. However, should Plaintiff intend to file a federal case, he must file his complaint on the

---

[1]Additionally, Plaintiff has once before submitted a packet of complaints to this Court. In his first packet, one of the complaints was on state forms. Plaintiff was directed to re-file his complaint on the forms used by the Southern District of Georgia or the Court would presume that Plaintiff desired to voluntarily dismiss his case. See Gay v. The State of Georgia, et. al., CV 113-189, doc. no. 3, p. 4. Plaintiff has failed to re-file this complaint on the correct forms, further supporting the Court's conclusion about this new packet.

forms used by the Southern District of Georgia. The Court has instructed the Clerk to return any future complaints Plaintiff submits on state court forms, absent indication they relate to a case Plaintiff has in federal court.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 31st day of January, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE